[Cite as *Eckel v. Bowling Green State Univ.*, 2011-Ohio-4839.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

NORMAN I. ECKEL, Ph.D.

    Plaintiff

    v.

BOWLING GREEN STATE UNIVERSITY

    Defendant

    Case No. 2007-02815

Judge Clark B. Weaver Sr.

DECISION


{¶1}  On June 11, 2010, the court issued a decision wherein it found in favor of plaintiff on his claim of breach of his employment contract.  On March 17, 2011, the court conducted a trial on the issue of plaintiff's damages.[1]

{¶2}  As noted in the liability decision, defendant committed a breach of plaintiff's employment contract when it imposed an unpaid suspension from May 7, 2005 to January 1, 2006.  The parties agree that plaintiff was not paid for the fall semester of 2005, and that his economic loss for the fall semester equals $51,423, which represents one half of his contractual salary.

{¶3}  The parties disagree as to whether plaintiff is entitled to compensation for the "Summer 1" courses that he was scheduled to teach in May and June 2005.  In the liability decision, the court recognized in footnote 4 that: "[b]oth the FPCC and Dean

---

[1]At trial, defendant's March 16, 2011 motion in limine was GRANTED such that attorney Alan Mollenkamp

Edmister agreed that any claim that plaintiff had with regard to summer teaching assignments in 2005 was without merit inasmuch as the nine-month employment contracts for faculty members do not guarantee summer employment." However, plaintiff testified that he was scheduled to teach two accounting courses in the first session of summer 2005, and that although he had not signed a summer contract, his suspension without pay prevented him from teaching those courses. In addition, plaintiff's expert, David M. Stott, Ph.D., testified that in his 12 years of experience in teaching at defendant's university, accounting classes are typically in high demand and have never been canceled due to lack of enrollment. Accordingly, the court finds that plaintiff has proven by a preponderance of the evidence that he is entitled to $20,569, the amount that he would have earned if he had been allowed to teach the two classes that he was scheduled to teach in the summer of 2005.

{¶4} Dr. Stott also testified that the present value of the income that plaintiff did not earn in 2005 equals $85,752. The court notes that the amounts of both $51,423 and $20,569 constitute back pay, and that the total of those amounts equals $71,992; which is $13,760 less than the present value of the income. Accordingly, defendant must notify the State Teachers Retirement System (STRS) that plaintiff is entitled to a recalculation of his retirement benefits based upon inclusion of an award of $71,992 in back pay for summer and fall income from 2005. In the recalculation, plaintiff's additional service credit from these time periods must also be taken into consideration. The court finds that $13,760 shall be paid in a lump sum directly to plaintiff and that the lump sum amount need not be reported to STRS as back pay.

{¶5} With regard to benefits, plaintiff presented evidence that he paid $2,901.88 to COBRA for his health insurance during the unpaid suspension. Plaintiff also testified that he had paid approximately $100 per month from his salary for health benefits when he was in active pay status before the unpaid suspension. If an unpaid suspension had not been imposed, plaintiff would have had approximately $700 deducted from his salary for health benefits. Therefore, the court shall deduct $700 from plaintiff's award, to account for the difference between what plaintiff paid for health care coverage during his suspension and what he would have paid if his employment

---

was precluded from testifying as an expert witness.

had not been suspended. Accordingly, plaintiff shall be granted $2,201.88 for health care costs.

{¶6} Both plaintiff and his expert testified that plaintiff's unpaid suspension adversely affected his consulting business. Plaintiff testified that he owned a lucrative litigation consulting business prior to his unpaid suspension, but that after he was placed on an unpaid suspension, no clients were interested in his services. However, the court is not convinced that defendant's breach of contract was the sole reason that plaintiff's consulting business came to an end in 2005. Indeed, it is unclear whether the unpaid suspension or the publication of plaintiff's comments that led to his suspension proximately caused the loss of his consulting business. Plaintiff failed to present evidence of clients who had sought his services but ultimately rejected those services once an unpaid suspension was implemented. Moreover, plaintiff suffered a stroke in September 2005 and did not return to active employment with the university until January 1, 2008. The court finds that the damages that plaintiff has requested with regard to his consulting business are not supported by the evidence. Therefore, plaintiff has failed to prove his claim for loss of his consulting business income.

{¶7} Lastly, Dr. Stott testified that plaintiff's unpaid suspension impacted his retirement benefits. Dr. Stott explained that if plaintiff had not been placed on an unpaid suspension, his three-year final average salary, which is used in calculating a retirement benefit, would have been $4,542 higher. However, the court finds that granting both an additional retirement benefit and an award of back pay through STRS is cumulative and would amount to a windfall for plaintiff. Accordingly, plaintiff's claim in this regard is without merit.

{¶8} In conclusion, the court finds that judgment shall be rendered in favor of plaintiff in the total amount of $87,978.88, which consists of the following: $71,992 in back pay ($51,423 + $20,569); $13,760 for present day value of lost back pay; $2,201.88 for lost health benefits, and the $25 filing fee.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

NORMAN I. ECKEL, Ph.D.

    Plaintiff

    v.

BOWLING GREEN STATE UNIVERSITY

    Defendant

Case No. 2007-02815

Judge Clark B. Weaver Sr.

## JUDGMENT ENTRY

{¶9} This case was tried to the court on the issue of damages. The court has considered the evidence and for the reasons set forth in the decision filed concurrently herewith, judgment is hereby rendered in favor of plaintiff in the amount of $87,978.88 which includes the filing fee paid by plaintiff. The court notes that $71,992 of this amount constitutes back pay. Court costs are assessed against defendant. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____

CLARK B. WEAVER SR.
Judge

cc:

R. Jeffrey Lydy
4035 Forest Lawn Road
Toledo, Ohio 43623

Velda K. Hofacker
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

HTS/dms
Filed August 8, 2011
To S.C. reporter September 22, 2011